# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**DECARLOS MOORE**                                                                            **PLAINTIFF**

**V.**                                           **NO. 4:14-CV-138-DMB-SAA**

**MEDICAL, ET AL.**                                                         **DEFENDANTS**

## ORDER OF DISMISSAL

On September 29, 2014, Plaintiff Decarlos Moore filed a complaint challenging the conditions of his confinement. Doc. #1. In his complaint, Moore alleged that, while confined at the Mississippi State Penitentiary, he was attacked by an inmate, Gary Cruz, and that various prison employees: (1) failed to protect him during the attack; (2) delayed in providing him medical treatment; and (3) issued him a Rule Violation Report for his involvement in the attack under an alleged wrongful policy that all participants in an altercation received RVRs. *Id.* On December 17, 2014, United States Magistrate Judge S. Allan Alexander held a *Spears* hearing concerning Moore's allegations. *See* Doc. #11.

On June 1, 2015, Judge Alexander issued a Report and Recommendation ("R&R") recommending that Moore's claims be dismissed for failure to state a claim. Doc. #12. In her R&R, Judge Alexander found: (1) the failure to protect claim failed because Moore failed to allege that his housing area posed a general threat to safety or that prison officials had reason to suspect that Cruz would attack Moore; (2) the medical treatment claim failed because Moore had not alleged that he suffered "substantial harm;" and (3) the RVR claim failed because Moore was written up as an aggressor, not under the allegedly wrongful policy, and because the punishment he received was not enough to trigger due process protections. *Id.*

On June 12, 2015, Moore filed objections to the R&R. Doc. #14. Additionally, Moore

submitted as exhibits a series of internal complaints he filed with prison officials and an "amend[ed]" version of the same documents. Doc. #15; Doc. #16. On October 5, 2015, Moore filed a motion to amend his complaint. Doc. #17.

# I
# Motion to Amend

In his motion to amend, Moore states only:

1. The Plaintiff in his original complaint alleged mere allegation in support of a valid claim.

2. Since the filing of his complaint the Plaintiff has determined that the claims to be stated in support of his allegation are Failure to Protect, Deliberate Indifference, Denial of Adequate Medical Treatment [and] Culpable Negligence. In this amended complaint, are amended [sic] to reflect the proper claim or statutory claims of the allegations, and any identity of the actions of the defendants towards such claims.

3. Plaintiff avers that this court should grant leave freely in allowing plaintiff to amend his complaint.

Doc. #17 at 1 (citations omitted). Despite a reference to "this amended complaint," the motion does not include a proposed amended complaint. Accordingly, the Court interprets the motion itself to be the proposed amended complaint. Further, given the brevity of the document, the Court interprets the proposed amended complaint as incorporating the allegations of the original complaint. *See Clifford v. U.S.*, No. 10-774c, 2011 WL 85508980, at *1 n.2 (Fed. Cl. Nov. 8, 2011) ("In consideration of plaintiff's *pro se* status, the Court has interpreted plaintiff's two amended complaints as *supplements* to the original complaint. Thus, all of plaintiff's allegations are properly before the Court.") (emphasis in original).

Pursuant to Rule 15, a plaintiff may amend a complaint any time before the expiration of 21 days after service of a responsive pleading or Rule 12 motion. *See* Fed. R. Civ. P. 15(a).

Here, no answer or Rule 12 motion has been filed. Accordingly, Moore is entitled to amend as of right and his motion to amend is, therefore, granted.

## II
## Report and Recommendation

Generally, the filing of an amended complaint moots a pending report and recommendation of dismissal. *See Riley v. Fritz*, No. 1:08-cv-828, 2009 WL 261257, at *2 (W.D. Mich. Feb. 4, 2009) (collecting cases). However, "the filing of an amended complaint does not moot a pending report [and] recommendation that identified pleading defects in the original complaint when those defects remain in the … amended complaint." *Praileau v. Fischer*, 930 F.Supp.2d 383, 389 (N.D.N.Y. 2013). "This is especially the case where the plaintiff has, in addition to filing an amended complaint, filed objections to the report [and] recommendation." *Id.* (citing *L.C. 1 v. Delaware*, No. 07-cv-0675, 2009 WL 3806335, at *1 (D. Del. Nov. 13, 2009)).

Here, the R&R identified specific defects in Moore's allegations related to deliberate indifference, negligence, denial of medical treatment, and failure to protect. *See* Doc. #12. Moore's amended complaint, as explained above, adds nothing but conclusory assertions to these claims. *See* Doc. #17. Under these circumstances, the R&R is not mooted. *Praileau*, 930 F.Supp.2d at 389. Accordingly, in light of Moore's objections, the Court reviews the R&R de novo. *See Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (Where, a litigant submits written objections to a report and recommendation, he is "entitled to a de novo review by the district court.").

### A. Failure to Protect Claim

In his "Rebuttal to the Failure to Protect," Moore appears to argue that his claim should survive because prison officials had a duty to protect and, despite this duty, he was stabbed. *See*

Doc. #14 at 20–21. Moore does not, however, offer any argument that the housing area in which he was attacked posed a general threat to safety or that officials knew his attacker was likely to attack him. Accordingly, Moore's objection in this regard is overruled.

### B. Denial of Medical Treatment Claim

In his "Denial of Proper Medical treatment" argument, Moore asserts that the R&R should be rejected because he "lost a lot of blood" and a doctor told him he "made it just in time." *Id*. at 10–11. These arguments do not alter Judge Alexander's conclusion that Moore failed to allege "that he suffered 'substantial harm' from loss of blood during the delay." *See* Doc. #12 at 3. Thus, the objection on this subject is overruled.

### C. RVR Claim

Finally, Moore contends that his claim based on the RVR should survive because the hearing officer failed to follow "proper disciplinary procedures" when he declined to hear testimony from certain witnesses Moore identified. Doc. #14 at 12–14. Neither of these arguments implicate Judge Alexander's grounds for rejecting the claim (that the punishment did not implicate procedural protections). Moore's objections on this subject are overruled.

### III
### Conclusion

For the reasons above:

1. Moore's motion to amend [17] is **GRANTED**;

2. Judge Alexander's Report and Recommendation [12] is **APPROVED and ADOPTED** as the order of the Court; and

3. This action is **DISMISSED** for failure to state a claim upon which relief may be granted. A judgment consistent with this order will be issued.

**SO ORDERED**, this 2nd day of February, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**