**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DECARLOS MOORE**                                                               **PLAINTIFF**

**V.**                                               **NO. 4:14-CV-138-DMB-SAA**

**MEDICAL, ET AL.**                                                          **DEFENDANTS**

**ORDER DENYING RECONSIDERATION**

On February 2, 2016, this Court entered an Order of Dismissal dismissing this action for failure to state a claim upon which relief may be granted. Doc. #18 at 4. On February 25, 2016, Decarlos Moore filed a "Petition for Denovo [sic] Review," asking that this Court "reverse" its February 2 order and enter an order "where Plaintiff is able to proceed on a second § 1983 complaint against the Defendants, and present a claim upon which relief can be granted." Doc. #22.

**I
Standard of Review**

When a party seeks relief from a judgment or order, he may do so under Federal Rule of Civil Procedure 59(e) within twenty-eight days of entry of the order or judgment; or anytime under Rule 60(b). If, as here, the motion does not specify the procedural basis for relief and is filed within twenty-eight days of the relevant order or judgment, the Court will construe the motion as seeking relief under Rule 59(e). *See Clark v. Director, TDCJ-CID*, No. 2:10-cv-255, 2012 WL 1986443, at *1 (E.D. Tex. June 4, 2012) (citing *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004)).

Under Fifth Circuit jurisprudence:

> A Rule 59(e) motion "calls into question the correctness of a judgment." This Court has held that such a motion is not the proper vehicle for rehashing evidence,

legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal citations omitted). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).

## II
## Analysis

In his motion, Moore argues that the Court should have liberally construed his pleading and that, even if he had failed to state a claim, the Court "should have returned Plaintiff [sic] complaint during the initial screening process prior to a formal ruling ...." Doc. #22 at 2. In the alternative, Moore asks this Court to clarify whether the dismissal of his claims was with or without prejudice. *Id*. at 2–3.

First, for the reasons discussed in the Report and Recommendation and this Court's Order of Dismissal, Moore's complaint, even construed liberally, fails to state a claim. Furthermore, Moore cites no authority, and this Court is aware of none, which stands for the proposition that a Court must "return" a complaint to a prisoner before dismissal at the screening stage particularly where, as here, the prisoner has already amended the complaint. To the contrary, the Fifth Circuit has held that a district court is not required to provide a prisoner an opportunity to amend prior to a screening dismissal. *Politis v. Dyer*, 126 F. App'x 648, at *1 (5th Cir. 2005). Finally, the Court clarifies that the dismissal of Moore's complaint was with prejudice. *See Williams v. Recovery Sch. Dist.*, 859 F.Supp.2d 824, 833–34 (E.D. La. 2012) ("The Court DISMISSES with prejudice

2

Williams's claim for injunctive relief and his Title VII claims of race discrimination and retaliation against LDOE and BESE because Williams has failed to state a claim and has already been given an opportunity to amend his complaint.").

## III
## Conclusion

For the reasons above, Moore's motion for reconsideration [22] is **DENIED**.

**SO ORDERED**, this 1st day of June, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**